Hicks agt. Waltermire.

---

## SUPREME COURT.

### Hicks agt. Waltermire.

An extra allowance or per centage, under the Code (§ 308), can be allowed only on a "*judgment.*"

Where the plaintiff obtained a report of referees in his favor, and an allowance of per centage with his costs, and before the entry of judgment the defendant obtained a new trial " on paying to the plaintiff the costs of the reference heretofore had," *Held,* that the defendant was not required to pay the per centage allowed.

Whether a county clerk can adjust or tax interlocutory costs, *Quere?*

*Dutchess Special Term, December* 1852. The plaintiff obtained a report of referees in his favor, on which he was allowed

Hicks agt. Waltermire.

a per centage of $31·09. Subsequently the defendant applied for a new trial on the ground of newly discovered evidence, and obtained an order for a new trial on "paying to the plaintiff the costs of the reference heretofore had." The costs were adjusted by the clerk, who allowed, as part of the costs to be paid by the defendant, the per centage aforesaid. The defendant now moves to strike out from the bill of costs such per centage.

WM. ENO, *for Defendant*.

T. C. CAMPBELL, *for Plaintiff*.

BARCULO, Justice.—Without intending to decide that the clerk has any authority to adjust interlocutory costs, I will endeavor to relieve the parties from the embarrassment resulting from the want of a taxing officer to settle their disputes, by expressing an opinion upon the question submitted.

As I understand the provisions of the Code on this subject, the extra allowance can only be obtained on a *judgment*. For although the language of § 308 speaks of cases where a "trial has been had," and the good sense of the provision would seem to make it applicable to all cases where the prevailing party had incurred extra expense by reason of the litigation, still the next section limits the right of per centage to the party who recovers a judgment. By section 309, the basis on which the per centage must be allowed, if in favor of the plaintiff, is the amount of money recovered by the judgment, in an action for the recovery of money; and "if the defendant recover judgment, it shall be upon the amount of money, or the value of the property claimed by the plaintiff," &c.

Now in this case the action is for the recovery of money. No judgment has been recovered; and there is no certainty that the plaintiff ever will recover a judgment. There is, therefore, no basis upon which a per centage can be estimated. It is true an allowance has been applied for, and an order granting it has been made; but that was done, subject to the contingency of being defeated or annulled, by the award of a new trial. It is the common practice at the circuit to make an extra allowance, on the rendition of the verdict; but such order has never been

deemed effectual, if the verdict was afterwards set aside, and a new trial awarded for any cause. I think, therefore, that the defendant is entitled to proceed to a new trial on paying the residue of the bill of costs.